IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

ROBERT MCKINNEY                                                          PETITIONER

v.                                                              No. 2:11CV126-NBB-JMV

WARDEN JESSIE STREETER, ET AL.                                          RESPONDENTS

**MEMORANDUM OPINION**

This matter comes before the court on the *pro se* petition of Robert McKinney for a writ of *habeas corpus* under 28 U.S.C. § 2254. The State has responded to the petition, and the matter is ripe for resolution. For the reasons set forth below, the instant petition for a writ of *habeas corpus* will be dismissed as procedurally barred.

**Facts and Procedural Posture**

Robert McKinney is in the custody of the Mississippi Department of Corrections and is currently housed at the Marshall County Correctional Facility in Holly Springs, Mississippi. McKinney was convicted in the Circuit Court of Quitman Mississippi for one count of aggravated assault, one count of murder, and one count of possession of a firearm by a convicted felon. State Court Record (hereinafter referred to as "SCR"), Vol. 1, p. 112. On September 26, 2007, he was sentenced to serve twenty years in the custody of the Mississippi Department of Corrections for the aggravated assault count, life for the murder count, and three years for the possession of a firearm count. SCR, Vol. 1, p. 112-113.

McKinney appealed his convictions and sentences in the Mississippi Supreme Court, raising the following issues (as stated by counsel):

> **Issue 1.** Whether the defense was prevented from adequately developing its theory of the case.

**Issue 2.** Whether multiple extraneous and inappropriate comments by the trial court diminished the solemnity of the proceedings thereby denying defendant Robert McKinney a fair trial.

On June 9, 2009, the Mississippi Court of Appeals found no merit to these issues and affirmed the judgment of the circuit court. *McKinney v. State*, 26 So.3d 1065 (Miss.Ct.App. 2009), *reh'g denied,* Nov. 3, 2009, *cert. denied,* Feb. 4, 2010 (Cause No. 2007-KA-01734-COA).

On January 24, 2011, McKinney filed a *pro se* Application for Leave to Proceed in the Trial Court with a Motion for Post-Conviction Relief in the Mississippi Supreme Court, raising the following issues (as stated by Petitioner):

> **Issue 1.** Petitioner was subjected to ineffective assistance of counsel at the time of the trial and during sentencing proceedings in the trial court in violation of the 6th Amendment to the United States Constitution.
>
> **Issue 2.** Petitioner was subjected to ineffective assistance of counsel in violation of the 6th Amendment to the United States Constitution where counsel failed to be prepared for defense of case at trial and thereby caused conviction.
>
> **Issue 3.** Robert McKinney has been subjected to a violation of the due process of law and the equal protection clause in violation of the 5th and 14th Amendments to the United States Constitution and denied effective assistance of attorney as [afforded] him ... counsel failed to raise the issue of the state having failed to adequately prove the prior conviction...
>
> **Issue 4.** Robert McKinney was denied due process of law where his attorneys failed to procure jury instructions that would have allowed the jury to decide on the lesser charges of manslaughter.
>
> **Issue 5.** Petitioner has been denied due process of law where his attorneys failed to present his case in such a light as to convince the jury that a verdict of murder was against the overwhelming weight of the evidence.
>
> **Issue 6.** Petitioner, who was on trial for murder and aggravated assault was [afforded] ineffective assistance of counsel where the indictment failed to quote the appropriate language and elements of the murder statute.

**Issue 7.** Petitioner Robert McKinney was [afforded] ineffective assistance of counsel by the attorney who represented him at trial where counsel failed to adequately challenge the state's evidence and failed to properly investigate the factual events.

**Issue 8.** Petitioner Robert McKinney was provided with ineffective assistance of counsel where counsel failed at trial and on direct appeal to introduce and make the record contain the discovery which the state submitted and described on the record.

**Issue 9.** Petitioner Robert McKinney was [afforded] ineffective assistance of counsel where defense counsel failed to move that William Taper be held and charges with witness intimidation ...

**Issue 10.** Robert McKinney was denied his right to a fair trial when the state's witness, William Taper, was allowed to openly interfere with and influence the testimony of Marvella Taper who was a witness for the defense and a witness against William Taper.

**Issue 11.** Petitioner has been denied due process of law and subjected to plain error where petitioner Robert McKinney was denied a fast and speedy trial ...

**Issue 12.** Petitioner Robert McKinney was subjected to double jeopardy where he was indicted, prosecuted, and found guilty of multiple offenses which occurred at that same time and which required the same evidence.

**Issue 13.** Petitioner has been denied due process of law where his attorneys failed to present his case in such a light as to convince the jury that a verdict of murder was against the overwhelming weight of the evidence ...

**Issue 14.** The indictment charging possession of a firearm by a convicted felon is illegal on that count where the indictment failed to meet the requirements of law.

**Issue 15.** Robert McKinney has been subjected to a violation of the 5th Amendment to the United States Constitution where McKinney was denied effective assistance of counsel at trial as his attorney failed to properly defend McKinney at trial and failed to adequately prepare for trial by interviewing witnesses for the defense and performing an investigation.

**Issue 16.** Robert McKinney was denied due process of law where his attorneys failed to procure the jury instructions that would have allowed the jury to decide on the lesser charges of manslaughter.

**Issue 17.** The prosecution conducted improper opening and closing arguments in the trial of this case and that counsel failed to make the proper objections to such constitutional violation.

**Issue 18.** Petitioner was denied due process of law where he was acquitted of the aggravated assault upon William Taper but the convictions of murder upon Huddleston and aggravated assault upon Tony Taper were allowed to stand when all crimes were alleged to have been committed simultaneously and by the same weapon.

**Issue 19.** Petitioner would assert that he was denied due process of law where he was acquitted of the aggravated assault on Count 1 of the indictment and convicted on all other counts when the indictment alleges that each charge was a part and a continuation of the other.

**Issue 20.** The cumulative effect of the denial of due process and effective assistance of attorney during trial deprived petitioner of a fair trial, in violation of the 5th, 6th, and 14th Amendments to the United States Constitution.

On March 9, 2011, that court dismissed the application as procedurally barred. Miscellaneous Pleadings, Cause No. 2011-M-00099. In that order, the Mississippi Supreme Court held that "all of the issues raised in the motion for post-conviction relief were capable of being raised at trial and/or on direct appeal. As such, the motion for post-conviction relief is procedurally barred pursuant to Miss. Code Ann. § 99-39-21(1)."

In the instant petition for writ of *habeas corpus*, filed on June 14, 2011, McKinney raises the following issues (*pro se*):

**Ground One.** Ineffective assistance of counsel in violation of his 6th Amendment rights to the United Stated Constitution; Petitioner was subjected to ineffective assistance of counsel at the time of the trial and during sentencing proceedings in the trial court ...

**Ground Two.** Ineffective assistance of counsel in violation of his 6th Amendment rights to the United Stated Constitution; ... counsel failed to be prepared for defense of case at trial and thereby caused conviction.

**Ground Three.** Ineffective assistance of counsel in violation of his 6th Amendment rights to the United Stated Constitution; ... counsel failed to raise the issue of the state having failed to adequately prove the prior conviction of possession marijuana with intent to distribute ...

**Ground Four**. Ineffective assistance of counsel in violation of his 6th Amendment rights to the United Stated Constitution; ... attorneys failed to procure the jury instructions that would have allowed the jury to decide on the lesser charges of manslaughter.

**Ground Five.** Ineffective assistance of counsel in violation of his 6th Amendment rights to the United Stated Constitution; ... attorneys failed to present his case in such a light as to convince the jury that a verdict of murder was against the overwhelming weight of the evidence.

**Ground Six.** Ineffective assistance of counsel in violation of his 6th Amendment rights to the United Stated Constitution; ... indictment failed to quote the appropriate language and elements of murder statute ...

**Ground Seven.** Ineffective assistance of counsel in violation of his 6th Amendment rights to the United Stated Constitution; ... counsel failed to adequately challenge the state's evidence and failed to properly investigate the factual events.

**Ground Eight.** Ineffective assistance of counsel in violation of his 6th Amendment rights to the United Stated Constitution; ... counsel failed at trial and on direct appeal to introduce and make the record contain the discovery ...

**Ground Nine.** Denial of Effective Assistance of Counsel ... defense counsel failed to move that William Taper be held and charged with witness intimidation ...

**Ground Ten.** Denied a fast and speedy trial in violation of the 5th, 6th, and 14th Amendments to the United States Constitution.

**Ground Eleven.** Petitioner was subjected to double jeopardy in violation of the 5th and 14th Amendments to the United States Constitution.

**Ground Twelve.** Petitioner was denied due process of law in violation of the 5th and 14th Amendments to the United States Constitution; ... attorneys failed to present his case in such a light as to convince the jury that a verdict of murder was against the overwhelming weight of the evidence and that a manslaughter or justified homicide would have been the correct verdict.

**Ground Thirteen.** Conviction based upon an illegal indictment on possession of firearm in violation of the 5th and 14th Amendment to the United States Constitution.

**Ground Fourteen.** Ineffective assistance of counsel in violation of his 6th Amendment rights to the United States Constitution; ... attorney failed to properly defend McKinney at trial and failed to adequately prepare for the trial by interviewing witnesses for the defense and performing investigation before the trial.

**Ground Fifteen.** Ineffective assistance of counsel in violation of his 6th Amendment rights to the United States Constitution; ... attorneys failed to procure jury instruction that would have allowed the jury to decide on the lesser charges of manslaughter.

**Ground Sixteen.** Ineffective assistance of counsel in violation of his 6th Amendment rights to the United States Constitution; the prosecution conducted improper opening and closing arguments in the trial of this case and that counsel failed to make to proper objections to such constitutional violations.

**Ground Seventeen.** Denied due process in violation of the 5th and 14th Amendments to the United States Constitution; ... he was acquitted of the aggravated assault upon William Taper but the convictions of murder upon Huddleston and aggravated assault upon Tony Taper were allowed to stand when all crimes were alleged to have been committed simultaneously and by the same weapon.

**Ground Eighteen.** The cumulative effect of the denial of due process and effective assistance of attorney during trial deprived petitioner of a fair trial, in violation of the 5th, 6th, and 14th amendments to the United States Constitution.

## Procedural Bar

The Mississippi Supreme Court held on post-conviction collateral review that all of the claims before it were procedurally barred under Miss. Code Ann. § 99-39-21(1), which reads:

> Failure by a prisoner to raise objections, defenses, claims, questions, issues or errors either in fact or law which were capable of determination at trial and/or on direct appeal, regardless of whether such are based on the laws and the Constitution of the state of Mississippi or of the United States, shall constitute a waiver thereof and shall be procedurally barred, but the court may upon a showing of cause and actual prejudice grant relief from the waiver.

If a criminal defendant is represented on appeal by the same counsel as at trial, then he generally may not raise claims of ineffective assistance of counsel, as this creates a conflict of interest: to protect his client's interests, counsel must act against his own. *Archer v. State*, 986 So.2d 951, 955 (Miss. 2008). On the other hand, when a defendant is represented by new counsel on direct appeal, he *must* raise *all* issues, and any not raised are waived upon post-conviction collateral review. *See* Miss. R. App. P. 22(b) (2005) (emphasis added) ("Where the appellant is represented by counsel who did not represent

the appellant at trial, the failure to raise such issues on direct appeal shall constitute a waiver barring consideration of the issues in post-conviction proceedings.") The present case is an example of this situation, as McKinney was represented by new counsel on direct appeal, and counsel did not raise the issues set forth in McKinney's state application for post-conviction collateral relief or his federal petition for a writ of *habeas corpus*.

All grounds of the instant petition were raised in McKinney's Motion for Post-Conviction Relief and were held to be procedurally barred by the Mississippi Supreme Court under Miss. Code Ann. § 99-39-21(1). All of McKinney's claims are therefore precluded from federal *habeas corpus* review. "When a state court declines to hear a prisoner's federal claims because the prisoner failed to fulfill a state procedural requirement, federal habeas is generally barred if the stated procedural rule is independent and adequate to support the judgment." *Sayre v. Anderson*, 238 F.3d 631, 634 (5th Cir. 2001) (citing *Coleman v. Thompson*, 501 U.S. 722, 111 S.Ct. 2546, 2553-54, 115 L.Ed.2d 640 (1991); *Amos v. Scott*, 61 F.3d 333, 338-39 (5th Cir. 1995)). The state court's procedural bar in the instant case is both independent and adequate. To determine the adequacy of the bar, a federal court must examine "whether Mississippi has strictly or regularly applied [it]." *Stokes v. Anderson*, 123 F.3d 858, 860 (5th Cir. 1997)(citing *Lott v. Hargett,* 80 F.3d 161, 165 (5th Cir. 1996)). The Mississippi Supreme Court found all the claims McKinney has raised in the instant petition to be procedurally barred under Miss. Code Ann. § 99-39-21(1) because the claims could have been raised at trial or on direct appeal. The Fifth Circuit Court of Appeals has held that Miss. Code Ann. § 99-39-21(1) is an independent state procedural bar. *Stokes v. Anderson*, 123 F.3d 858, 860 (5th Cir. 1997). McKinney "bears the burden of showing that the state did not strictly or regularly follow a procedural bar around

the time of his appeal" and "must demonstrate that the state has failed to apply the procedural bar rule to claims identical or similar to those raised by the Petitioner himself." *Id*. He has not shown the court that the courts of Mississippi have inconsistently and irregularly applied the bar in Miss. Code Ann. § 99-39-21(1), and he has thus defaulted all of his federal *habeas corpus* claims. *Id*. at 861.

This court may nonetheless review the merits of McKinney's claim if can demonstrate cause for his default and actual prejudice from application of the procedural bar. *Coleman*, 501 U.S. at 750; *see also Martin v. Maxey*, 98 F.3d 844, 849 (5th Cir. 1996)(*citing Sawyer v. Whitley*, 505 U.S. 333 (1992)). To prove cause for his default, McKinney must show that "there [is] something *external* to [him], something that cannot fairly be attributed to him." *Coleman*, 501 U.S. at 753 (emphasis in original). Examples of valid cause to excuse procedural default include "interference by officials" and "a showing that the factual or legal basis for a claim was not reasonably available to [Petitioner]." *McCleskey v. Zant*, 499 U.S. 467 (1991). The United States Supreme Court discussed attorney error as possible source of cause for default:

> We think, then, that the question of cause for a procedural default does not turn on whether counsel erred or on the kind of error counsel may have made. So long as a defendant is represented by counsel whose performance is not constitutionally ineffective under the standard established in *Strickland v. Washington, supra*, we discern no inequity in requiring him to bear the risk of attorney error that results in a procedural default.

*McKinney v. Carrier*, 477 U.S. 478, 488, 106 S.Ct. 2639, 2645 (1986); *see also Edwards v. Carpenter,* 529 U.S. 446, 452, 120 S. Ct. 1587, 1591-92 (2000). McKinney not alleged or proved any external factor which resulted in his procedural default; likewise he has failed to show any actual prejudice which resulted from the Mississippi Supreme Court's application of the procedural bar. As such, McKinney cannot overcome the state procedural bar, and this court

may not review the allegations raised in the instant petition. Further, this court's decision not to review these claims will not result in a "fundamental miscarriage of justice." *See Martin,* 98 F.3d at 849 (*citing Sawyer v. Whitley,* 505 U.S. 333 (1992)). The "fundamental miscarriage of justice" exception is confined to cases of actual innocence, "where the Petitioner shows, as a factual matter, that he did not commit the crime of conviction." *Fairman v. Anderson,* 188 F.3d 635, 644 (5th Cir. 1999) (citing *Ward v. Cain,* 53 F.3d 106, 108 (5th Cir. 1995)). To establish actual innocence, McKinney must support his allegations with new, reliable evidence that was not presented at trial and must show that it was "more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Fairman,* 188 F.3d at 644 (citations omitted). McKinney has not met this burden. For these reasons, the instant petition for a writ of *habeas corpus* will be dismissed as procedurally barred. A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this, the 23rd day of July, 2014.

                                                  /s/ Neal Biggers
                                                  NEAL B. BIGGERS
                                                  SENIOR U. S. DISTRICT JUDGE